CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTHONY JOSEPH TURNER, )
    Plaintiff, ) Civil Action No. 7:05-cv-00686
)
v. ) **MEMORANDUM OPINION**
)
CORRECTIONS OFFICER )
P. BLEVINS, et. al., ) By: Hon. James C. Turk
    Defendants. ) Senior United States District Judge

Plaintiff Anthony Turner, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Tuner alleges that officers at Marion Correctional Treatment Center (MCTC) are interfering with his ability to send mail to the court—by taking funds from his inmate trust account, limiting his ability to send certified mail, and deliberately ignoring the "duty to issue intake." Turner seeks monetary damages for these alleged violations. As Turner fails to submit the $250.00 filing fee with his complaint, the court also construes his pleading as requesting to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(b). Upon review of court records, the court finds that Turner is not entitled to proceed with this civil action, absent prepayment of the filing fee, and that the action must, therefore, be filed for administrative purposes only and dismissed without prejudice under Subsection (g) of §1915.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

The court takes judicial notice of the fact that Turner has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. Turner v. Carbone, Civil Action No. 7:03-cv-00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720 (W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action 7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, Turner cannot file this civil action or any other civil action without prepayment of the $250.00 fee[1] unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

Clearly, the complaint does not allege any facts indicating that Turner is in imminent danger of physical harm related to his claims. All of his claims relate to the handling of his prison trust account and his legal mail. He does not mention any physical danger connected to these alleged problems. Accordingly, the court cannot find that Turner has satisfied the requirements to proceed under §1915(g) without prepayment of the filing fee. As plaintiff has three "strikes" and has failed to demonstrate any imminent danger of serious physical harm within the meaning of §1915(g), the court must deny Turner's request to proceed in forma pauperis in this action and dismiss his case without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 14th day of November, 2005.

*/s/ James C. Turk*
Senior United States District Judge

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).